# SUPREME JUDICIAL COURT

### FOR THE

## COUNTIES OF PLYMOUTH, BARNSTABLE, BRISTOL AND DUKES-COUNTY, OCTOBER TERM 1834, AT TAUNTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,

---

## COMMONWEALTH *versus* GEORGE WILKINSON

An indictment lies for continuing within the limits of a highway certain buildings previously erected therein, although that portion of the highway, which was covered by them, was not within the travelled path, and a bank six or seven feet in height had been removed for the purpose of placing the buildings where they stood.

A turnpike road is a *public highway ;* and an indictment will lie, as for a public nuisance, against any person placing obstructions thereon.

THIS was an indictment against the defendant for obstructing a turnpike road in Pawtucket, by continuing within the limits of such road certain buildings which had been previously erected therein.

At the trial, before *Morton* J., it was proved, on the part of the Commonwealth, that the road was laid out in 1804 by a committee appointed by the legislature for that purpose.

The defendant offered to prove, that that portion of the road which was covered by the buildings, was not within the travelled part thereof ; and that a bank six or seven feet in

height, had been removed for the purpose of placing the buildings where they stood. This evidence was rejected by the judge as inadmissible

A verdict was returned against the defendant by consent.

If the evidence was rightly rejected, the verdict was to stand ; otherwise the verdict was to be set aside, and a new trial granted.

It was also moved, in arrest of judgment, that an indictment would not lie against any person for obstructing a turnpike road, it not being a *public highway.*

*Oct. 21st.*     *Coffin* and *Cushman,* for the defendant, to the point, that the original owner of land taken for a road, retained the right of using it in any way not inconsistent with the rights of others in the travelled path, cited *Goodtitle v. Alker,* 1 Burr. 133 ; *Lade v. Shepherd,* 2 Strange, 1004 ; *Tucker v. Tower,* 9 Pick. 109 ; and to the point, that an indictment as for a common nuisance would not lie, for obstructing a turnpike road, 2 Hawk. P. C. c. 76, § 1 ; *Woodyer v. Hadden,* 5 Taunt. 126 ; *St.* 1801, c. 69.

*Austin,* (Attorney-General) for the Commonwealth, as to the first point, cited *St.* 1786, c. 67, § 7 ; *Commonwealth v Tucker,* 2 Pick. 44 ; *Perley v. Chandler,* 6 Mass. R. 454 ; *St.* 1801, c. 69 ; *St.* 1804, c. 125.

*Oct. 21st.*     Shaw C. J. delivered the opinion of the Court. The exception taken at the trial, has not been much pressed in the argument, and we are clearly of opinion, that it could not be sustained. The indictment was for the continuance of a nuisance, by keeping up a building, erected by others, within the limits of a highway. The offer was, to prove that the part of the turnpike covered by the building, was not within the travelled part thereof, but that a high bank had been removed, for the purpose of placing the buildings. We think this was rightly rejected, because it afforded neither justification nor excuse. Had the bank removed been itself a nuisance, which does not appear, and which would be putting it on the strongest ground for the defendant, though he might be warranted in removing it as a nuisance, he would not be justified in putting another in its place.

But the principal question, and one which goes to the foun

dation of this proceeding is, whether a turnpike road in this Commonwealth, is a highway, and whether an indictment will lie against any person, for an obstruction thereon as a public nuisance.    We think, that a turnpike road is a public highway, established by public authority for public use, and is to be regarded as a public easement, and not as private propeity. The only difference between this and a common highway is, that instead of being made at the public expense in the first instance, it is authorized and laid out by public authority, and made at the expense of individuals in the first instance ; and the cost of construction and maintenance, is reimbursed by a toll, levied by public authority for the purpose.    Every traveller has the same right to use it, paying the toll established by law, as he would have to use any other public highway.

*Motions for new trial and in arrest of judgment overruled.*